**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgfllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

Local Co-Counsel to the Official Committee of Unsecured Creditors of Gardens Regional Hospital and Medical Center

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC.,<br><br>Debtor. | Case No. 2:16-bk-17463-ER<br><br>Chapter 11 Case |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES INC.,<br><br>Defendant. | Adv. No. 2:16-a0<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVER OF PREFERENTIAL TRANSFERS PUSUANT TO 11 U.S.C. §§ 547 AND 550** |

The Official Committee of Unsecured Creditors (the "Committee" or the “Plaintiff”) of Gardens Regional Hospital and Medical Center, Inc. (the "Debtor"), for its Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C.§§ 547 and 550 (the "Complaint") against Abbott Laboratories Inc. (the "Defendant"), alleges as follows:



Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**Nature of the Action**

1. Plaintiff brings this action against the Defendant to avoid and recover cetiain preferential transfers that occurred during the 90-day period prior to commencement of the Debtor's bankruptcy case.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.§1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9019(a).

3. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

**The Parties and Case Background**

4. On June 6, 2016 (the "Petition Date"), the Debtor filed for voluntary relief under Chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

5. On November 10, 2015, the United States Trustee appointed the Committee pursuant to section 11 02 of the Bankruptcy Code.

6. Upon information and belief, the Defendant is a corporation formed under the laws of the State of Delaware that maintains its principal place of business at 100 Abbott Park Road, Abbott Park, IL 60064.

7. Pursuant to the Court's May 25, 2018 *Order Approving Stipulation for Order: (1) Authorizing the Official Committee of Unsecured Creditors to Investigate, Initiate, Prosecute, Defend and Settle All Avoidance Actions and Claims of the Estate; and (2) Expanding the Scope of Employment of Weiland Golden Goodrich LLP, Pursuant to 11 U.S.C. §§ 327 and 328, to Include Investigating, Initiating, Prosecuting, Defending and Settling all Avoidance Actions and Claims of the Estate* (the "Committee Authority

Stipulation"), the Committee has authority to prosecute and settle avoidance actions on behalf of the Debtor's estate.

**Facts**

8. The Debtor is no longer operating, however before it closed, the Debtor was a 137-bed nonprofit hospital which served mostly low-income patients.

9. Prior to the Petition Date, the Debtor made certain payments to the Defendant for services provided to the Debtor pursuant to invoices or statements submitted by Defendant to the Debtor.

10. During the ninety days prior to the Petition Date, the Debtor made payments to or for the benefit of the Defendant, (collectively, the "Transfers"). The aggregate amount of the Transfers is not less than $104,671.98.

11. Although it is possible some of the Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), the Defendant bears the burden of proof pursuant to 11 U.S.C.§547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

**First Claim for Relief**

**(Avoidance of Preferential Transfers-11 U.S.C. § 547)**

12. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 11, above, as though fully set forth at length.

13. Within the ninety days prior to the Petition Date, the Debtor made the Transfers to the Defendant in the total amount of $104,671.98. "

14. Each of the Transfers to the Defendant was a transfer of property of the Debtor.

15. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

16. The Defendant was a creditor of the Debtor (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternatively, received the Transfers for the benefit of a creditor of the Debtor.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

17. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

18. Each of the Transfers was made while the Debtor was insolvent. The Debtor is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C.§547(f).

19. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if the Transfers and/or payments had not been made.

20. The Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

21. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff

22. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**Second Claim for Relief**

**(Recovery of Property-11 U.S.C. § 550)**

23. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 22, above, as though fully set forth at length.

24. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

25. The Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

26. Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A. For a determination that each of the Transfers is avoidable as a preferential transfer under section 54 7 of the Bankruptcy Code, and that the Plaintiff is entitled to recover the Transfers in the total amount of $104,671.98 under section 550 of the Bankruptcy Code;

B. For costs of suit incurred herein, including, without limitation, attorneys' fees;

C. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

D. For such other and further relief as the Court may deem just and proper.

Dated: June 6, 2018

WEILAND GOLDEN GOODRICH LLP

By: /s/ Jeffrey I. Golden
JEFFREY I. GOLDEN
FAYE C. RASCH
Local Co-Counsel for the Official Committee of Unsecured Creditors of Gardens Regional Hospital and Medical Center

**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER, INC. | **DEFENDANTS**<br>ABBOTT LABORATORIES |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>WEILAND GOLDEN GOODRICH LLP<br>650 TOWN CENTER DRIVE, STE 950<br>COSTA MESA, CA 92626 PHONE: (714) 966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor ☒ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

AVOIDANCE AND RECOVER OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. SECTIONS 547 & 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- [1] 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- □ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $47,475.00 |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>GARDENS REGIONAL HOSPITAL AND MEDICAL CENTER | BANKRUPTCY CASE NO.<br>2:16-bk-17463-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>E. ROBLES |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/S/ JEFFREY GOLDEN | | |
| DATE<br>JUNE 5, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JEFFREY GOLDEN | |

**INSTRUCTIONS**

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.